**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Case No. 06-20160 |
| ) | 10-2654 |
| LEOPOLDO GARNICA-ANITA, ) | |
| ) | |
| Defendant/Petitioner. ) | |

**MEMORANDUM AND ORDER**

In 2007, Leopoldo Garnica-Anita pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine. He received a 135-month sentence. Mr. Garnica-Anita did not file a direct appeal.

Mr. Garnica-Anita's case is once again before this court on his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 174). For the reasons set forth below, this motion is dismissed as untimely.

Under 28 U.S.C. § 2255(f), a criminal defendant has one year from "the date on which the judgment of conviction becomes final" to file a motion for relief under § 2255. 28 U.S.C. § 2255(f). If a defendant files an appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). If a defendant does not appeal, the conviction becomes final after the defendant's deadline

to file an appeal has expired. *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).

Here, the judgment against Mr. Garnica-Anita was entered on April 24, 2008. He did not file a direct appeal. Prior to December 1, 2009, defendants were required to file a notice of appeal within ten business days of the entry of judgment. Fed. R. App. P. 4(b)(1). The ten-day time expired, and Mr. Garnica-Anita's conviction became final for purposes of the § 2255 limitations period, on May 8, 2008. The current motion, however, was not filed until December 1, 2010,[1] nearly seven months past the one-year time limit in § 2255(f). It is therefore untimely.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 174) is dismissed.

**IT IS SO ORDERED** this 18th day of April, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Although the court did not receive Mr. Garnica-Anita's petition until December 6, 2010, it is deemed filed on the date on which he delivered it to prison officials for mailing. *See Burger v. Scott*, 317 F.3d 1133, 1136 n.3 (10th Cir.2003) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)) (stating that a § 2255 petition is deemed filed on the date it is delivered to prison officials for mailing).