## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-20160-JWL |
| | ) | 10-02654-JWL |
| LEOPOLDO GARNICA-ANITA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Leopoldo Garnica-Anita pleaded guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. He received a 135-month sentence. In his plea agreement, Mr. Garnica-Anita waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), a motion under 18 U.S.C. § 3582, and a motion under Rule 60(b) of the Federal Rules of Civil Procedure. Mr. Garnica-Anita then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 174). The motion was dismissed as untimely (doc. 185).

Mr. Garnica-Anita has now filed a Rule 60(b) Motion for Relief from Judgment (doc. 186). In response, the Government asks that this court enforce the waiver contained in Mr. Garnica-Anita's plea agreement (doc. 114). For the reasons discussed

below, Mr. Garnica-Anita's Rule 60(b) motion is dismissed.

## DISCUSSION

Mr. Garnica-Anita offers three arguments as a basis for Rule 60(b) relief. First, he objects to the court's denial of a certificate of appealability prior to any official request from him for one. Second, Mr. Garnica-Anita argues that the indictment against him violated *Apprendi v. New Jersey* and thus presented a jurisdictional barrier to his conviction. Third, he asserts that he did not procedurally default any arguments because of the "actual innocence exception."

### A.   *Waiver*

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

#### 1.   Scope of the Waiver

In determining whether the disputed issue falls within the scope of the waiver, the

court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Garnica-Anita waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

(doc. 114, at 9). The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Garnica-Anita clearly waived the right to challenge the court's denial of a certificate of appealability and his claim that the indictment violated *Apprendi*. These arguments fall within the scope of the waiver. Mr.

Garnica-Anita's "actual innocence exception" claim arguably falls outside the scope of the waiver and is discussed more fully below.

2.    Knowing and Voluntary

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors—whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy.  *See United States v. Smith*, 500 F.3d 1206, 1210–11 (10th Cir. 2007). Both conditions are satisfied here.  Paragraph 13 of Mr. Garnica-Anita's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence."  *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").  In addition, during the Rule 11 colloquy, Mr. Garnica-Anita indicated that he entered the plea agreement freely and voluntarily and knowingly waived his right to appeal or collaterally attack as outlined in the plea agreement.  Thus, the court finds his waiver was knowing and voluntary.

3.    Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the district court

4

relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. The defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. *Anderson*, 374 F.3d at 959.

Here, Mr. Garnica-Anita makes no suggestion that the court relied on an impermissible factor such as race, that he received ineffective assistance of counsel, or that his sentence exceeds the statutory maximum. Instead, he only argues that he has not procedurally defaulted the right to claim the "actual innocence exception." Mr. Garnica-Anita offers only a conclusory reference to the actual innocence exception without identifying any alleged error in the proceedings. Specifically, he does not assert that enforcing the waiver would result in the miscarriage of justice. In addition, he does not make any effort to demonstrate "prejudice," *see United States v. Frady*, 456 U.S. 152, 170 (1982), or assert actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (The Supreme Court has held that this exception applies only if one is actually innocent.). Because Mr. Garnica- Anita has not met his burden, the court cannot find that enforcing the waiver would be a miscarriage of justice.

4.      Conclusion

Having concluded that the waiver contained in Mr. Garnica-Anita's plea

agreement was knowing and voluntary and that enforcing it will not result in a miscarriage of justice, the court dismisses Mr. Garnica-Anita's Rule 60(b) motion.

**B. Merits**

    1.  Legal Standard

Even assuming this court were willing to allow Mr. Garnica-Anita's Rule 60(b) motion, he would not be successful.  "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44.  According to Rule 60, a court may grant relief from judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not
>       have been discovered in time to move for a new trial under Rule
>       59(b);
> (3)  fraud  (whether  previously  called  intrinsic  or  extrinsic),
>       misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on
>       an earlier judgment that has been reversed or vacated; or applying
>       it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A "true" 60(b) motion following the denial of § 2255 petition, however, must "either (1) challenge[] only a procedural ruling of the habeas court which precluded a

merits determination of the habeas application; or (2) challenge[] a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (citing *Spitznas v. Boone,* 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted)). If the motion instead "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction," it is a second or successive petition. *Id.*

> 2. Discussion

Mr. Garnica-Anita's motion, which is nearly identical to that filed by Defendant Gerardo Mojica-Fabian in case 06-20062 and Defendant Alejo Cesareo-Ayala in case 07-20065, contains both procedural challenges to the court's ruling, which would qualify as "true" 60(b) grounds, and also substantive arguments concerning his underlying conviction, which constitute a second or successive petition.

First, as to procedural arguments, Mr. Garnica-Anita argues that he did not procedurally default any arguments because of the "actual innocence exception." He does not explain this argument in his Rule 60(b) motion, other than to assert that it was "memorialized in his Amendment to his Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255." Mr. Garnica-Anita, however, never filed any Amendment to his petition. He did include an argument titled "Appellant's Actual Innocence Claim and Its Effect on His Guilty Plea and Appeal Waiver" in his § 2255 petition, but the argument is undeveloped and inapplicable, and it does not meet the high standard for Rule 60(b)

relief.

Mr. Garnica-Anita also objects to the court's denial of a certificate of appealability prior to any official request from him for one.[1] The court, however, has not yet ruled on whether to issue a certificate of appealability. This order does so, and for the reasons discussed below, this court declines to issue a certificate of appealability.

To the extent Mr. Garnica-Anita's Rule 60(b) motion challenges these procedural arguments, it is denied.

Beyond those claims, however, Mr. Garnica-Anita merely reiterates the substance of his § 2255 petition. He again argues that the indictment against him violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and thus presented a jurisdictional barrier to his conviction. This argument challenges the validity of Mr. Garnica-Anita's underlying conviction and sentence. As such, it is not a "true" 60(b) motion and is properly construed as second or successive § 2255 argument.

In order to file a successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2244(b)(3). The court of appeals then may grant permission to file a second or successive motion only if the applicant meets certain criteria. § 2255(h). Specifically, the applicant must show either "(1) the existence of newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and

---

[1] This argument, oddly titled "Defects in the Guilty Plea," contains only arguments addressing certificate of appealability and does not challenge the guilty plea.

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

Because Mr. Garnica-Anita has failed to obtain, or even seek, that permission, this court may transfer the case to the Tenth Circuit if "it is in the interest of justice to do so." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).   If it is not in the interests of justice to transfer the case, however, this court must dismiss the case for lack of jurisdiction because it has no authority to entertain second or successive § 2255 motions unauthorized by the court of appeals. *Id.*  When the successive § 2255 motion "fails on its face to satisfy the authorization standards of § 2255(h)" and when "there is no risk that a meritorious successive § 2255 claim will be lost absent a § 1631 transfer," the court may dismiss the motion upon finding the interest of justice is not served by a transfer. *Id.*

Here, Mr. Garnica-Anita has made no suggestion that he satisfies the standard to file a second or successive § 2255 petition.  In addition, Mr. Garnica-Anita's precise claim – that the indictment against him violated *Apprendi* and thus presented a jurisdictional barrier to his conviction – has been squarely rejected by the Tenth Circuit. *United States v. Cernobyl*, 255 F.3d 1215, 1218-19 (10th Cir. 2001).  As such, a transfer to the court of appeals would serve no legitimate purpose and would therefore not be in the interest of justice.  This court has no choice but to dismiss those parts of his motion challenging his underlying conviction and sentence for lack of jurisdiction.

**C.      Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  For the reasons stated above, Mr. Garnica-Anita has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Rule 60(b) Motion for Relief from Judgment (doc. 186) is **dismissed**.  The court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 12th  day of September, 2011.

s/ John W. Lungstrum

---

[2] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

John W. Lungstrum
United States District Judge