# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No.  06-20160-JWL |
|  ) | 11-02671-JWL |
| LEOPOLDO GARNICA-ANITA, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Leopoldo Garnica-Anita pleaded guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. He received a 135-month sentence. After his conviction, Mr. Garnica-Anita filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 174). The court dismissed the motion as untimely (doc. 185). The defendant then filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (doc. 186). The court dismissed the motion, finding that the waiver contained in Mr. Garnica-Anita's plea agreement was knowing and voluntary and that enforcing it would not result in a miscarriage of justice (doc. 208). The court also found that the defendant's motion was a second or successive habeas petition, unauthorized by the Court of Appeals (*id.*).

On October 21, 2011, Mr. Garnica-Anita filed a notice of appeal of the court's denial of his Rule 60(b) motion (doc. 216). He then filed two separate motions to vacate

judgment in the district court. The first motion, captioned by Mr. Garnica-Anita as a "Petition for Actual Innocence Pursuant to Habeas Corpus 28 U.S.C. § 2241," was filed on November 7, 2011 in the Central District of California (doc. 214). After determining that Mr. Garnica-Anita's claims fell under § 2255–not § 2241–the matter was transferred to the court of conviction in the District of Kansas (doc. 215). The defendant then filed a "Motion to Vacate Judgment Pursuant to Rule 36 in Pari Materia to Rule 60(b) Fed. R. Civ. Proc." on December 1, 2011 in the District of Kansas (doc. 212). Mr. Garnica-Anita's direct appeal is currently pending before the Tenth Circuit.

For the reasons discussed below, Mr. Garnica-Anita's motions to vacate judgment (docs. 212, 214) are dismissed.

## ANALYSIS

**1. Section 2255 Petition**

Although Mr. Garnica-Anita styles his first motion as a petition under 28 U.S.C. § 2241, he, in fact, challenges his conviction and sentence on multiple grounds. The defendant claims (1) his plea waiver was defective; (2) his sentence must be recalculated in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004); (3) his conviction and sentence are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (4) the district court erred in attributing him with possession of a firearm at sentencing; (5) the United States Probation Officer's presentence report was inadmissable hearsay; (6) the district court violated Federal Rule of Criminal Procedure

32 by failing to make necessary findings of fact; and (6) his attorney was ineffective for failure to investigate (doc. 214).  Mr. Garnica-Anita also argues that he is eligible for "the gateway claim of actual innocence" (*id.* at 27).

The "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).  Courts have found § 2255 to be inadequate or ineffective only in extremely limited circumstances.  *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).  The mere fact that a petitioner may be precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate. *Id.* at 1179.  And a petitioner cannot "avoid the bar against successive § 2255 petitions by simply styling a petition under a different name," *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

Here, Mr. Garnica-Anita does not argue that § 2255 is inadequate or ineffective.  As such, the court finds that § 2255 is not an inadequate remedy here, and Mr. Garnica-Anita's motion is considered a petition to vacate judgment pursuant to § 2255.

"Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) (citing Rule 5, *Rules Governing § 2255 Proceedings*, advisory committee note). Extraordinary circumstances warranting consideration of a § 2255 petition may exist

where the government–not the defendant–files the direct appeal and where there is a "complete dichotomy" between the issues raised on appeal and those raised in the § 2255 motion. *See United States v. Prows*, 448 F.3d 1223 (10th Cir. 2006).

Here, Mr. Garnica-Anita filed a direct appeal of the court's denial of his Rule 60(b) motion as well as the present § 2255 petition. In addition, the claims presented in both the appeal and § 2255 petition significantly overlap. Judicial resources would be wasted if both actions were allowed to proceed simultaneously. As such, no extraordinary circumstances exist warranting consideration of the defendant's § 2255 petition.

Thus, Mr. Garnica-Anita's motion (doc. 214) is dismissed as premature.

**2. Rule 60(b) Motion**

Pursuant to Federal Rule of Civil Procedure 60(b), Mr. Garnica-Anita challenges the Central District of California's determination that his motion to vacate sought relief cognizable under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241. As district courts of the United States have only *original* jurisdiction, *see* 18 U.S.C. § 3231, this court lacks jurisdiction to review a ruling by the Central District of California. As such, any relief granted under Rule 60(b) must be given by the Central District of California.

Indeed, Mr. Garnica-Anita already filed an identical Rule 60(b) motion in the Central District of California (11-09231, doc. 5). The California district court determined that Mr. Garnica-Anita "has failed to satisfy any of the grounds for relief

from an order set forth in Fed. R. Civ. P. 60(b)" (11-09231, doc. 6).

Thus, Mr. Garnica-Anita's Rule 60(b) motion (doc. 212) is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motions to vacate judgment (docs. 212, 214) are dismissed.

**IT IS SO ORDERED** this 28th day of February, 2012.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge